UNITED STATES v. DODGE.

(District Court, S. D. Florida. July 16, 1918.)

No. 568.

CLERKS OF COURTS ⬡76—MAKING FALSE ENTRIES.

 Indictment alleging that accused made false entries in books and records which the Attorney General required to be kept under Act June 30, 1906, § 1 (Comp. St. 1916, § 1399), and that such acts were in violation of Act March 4, 1911 (Comp. St. 1916, § 10270), providing for punishment of any clerk making false entries in accounts with intent to deceive the United States, is not demurrable; the words of the act of 1911, "or whoever being an officer, clerk, agent," etc., embracing clerks of courts.

Eugene D. Dodge was indicted for making false entries of fees collected as court clerk, and he demurs to the indictment. Demurrer overruled.

See, also, 251 Fed. 737, 740.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla.

John W. Dodge and W. M. Toomer, both of Jacksonville, Fla., for defendant.

NEWMAN, District Judge. There is an indictment in this case returned under Act Cong. March 4, 1911, c. 270, 36 Stat. 1355 (Comp. St. 1916, § 10270), which is as follows:

"That whoever, being an officer, clerk, agent, or other person holding any office or employment under the government of the United States and, being charged with the duty of keeping accounts or records of any kind, shall, with intent to deceive, mislead, injure, or defraud the United States or any person, make in any such account or record any false or fictitious entry or record of any matter relating to or connected with his duties, or whoever with like intent shall aid or abet any such officer, clerk, agent, or other person in so doing; or whoever, being an officer, clerk, agent, or other person holding any office or employment under the government of the United States and, being charged with the duty of receiving, holding, or paying over moneys or securities to, for, or on behalf of the United States, or of receiving or holding in trust for any person any moneys or securities, shall, with like intent, make a false report of such moneys or securities, or whoever with like intent shall aid or abet any such officer, clerk, agent, or other person in so doing"—shall be punished as prescribed in the statute.

---

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The act of Congress requiring the keeping of records and dockets such as are referred to in this indictment is contained in Act Cong. June 30, 1906, 34 Stat. 754, c. 3914, § 1 (Comp. St. 1916, § 1399).

It seems to me that the mere reading of this provision in the act of 1906, in connection with the act of March 4, 1911, under which this indictment was drawn, is sufficient to show that the indictment is properly drawn under this act, and is not subject to demurrer. The act of 1906 authorizes the Attorney General to—

"prescribe such docket or dockets or other books as he may deem proper to be kept and used by such clerks in recording, reporting, and accounting for moneys mentioned above in this paragraph, and in recording all fees and emoluments earned by them, which dockets or other books shall be kept and used by said clerks in accordance with rules and regulations prescribed by the Attorney General."

The clerks referred to in the act of 1906 are clerks of the United States courts, and the charge in the indictment is that the books and records in which the false entries are alleged to have been made are books which the Attorney General of the United States, under this provision of the act of 1906, required the clerks to keep. If the clerks referred to in the first part of the act of 1911 are not court clerks, it is clear that the language of the latter part of the act of 1911, commencing "or whoever, being an officer, clerk, agent," etc., embraces clerks of the courts.

It will be necessary to prove, of course, that the records in which the entries were made were books which the Attorney General required to be kept, and having shown that they were books or dockets which the Attorney General required to be kept, and that false entries were made on them for the purpose of defrauding the persons named in the indictment, a case would certainly be made under the statute referred to.

The demurrer to the indictment will be overruled.